UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE DESHOWN PERKINS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NAY AUNG, *et. al.*,<br><br>　　　　Defendants. | Case No.  2:20-cv-02169-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER.<br><br>ECF No. 10<br><br>SIXTY-DAY DEADLINE |

　　　　Plaintiff Wayne Deshown Perkins is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He proceeds on his first amended complaint and alleges that seven "Doe" defendants[1] violated his Eighth Amendment rights by failing to ensure that he would only be required to traverse level ground in a wheelchair.  ECF No. 10 at 5-6. Plaintiff claims that, on April 23, 2020, he encountered uneven terrain and was injured when his wheelchair flipped over.  *Id.* at 5.  I find, for the reasons stated below, that plaintiff has failed

---

[1] Dr. Nay Aung is named in the complaint but is not alleged to have violated plaintiff's rights. ECF No. 10 at 5.  Aung's involvement was limited to prescribing plaintiff a wheelchair and changing his housing status to level terrain.  *Id.*

1

1 to state a cognizable claim.  I will give him another opportunity to amend his complaint.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, on an unspecified date, Dr. Aung prescribed him a wheelchair and assigned him to level terrain housing. ECF No. 10 at 5. On April 22, 2020, plaintiff was moved to "gym housing" where terrain was uneven. *Id.* On April 23, 2020, plaintiff was travelling down a hill to get his medication. *Id.* His wheelchair flipped and he injured his head, back, and spine. *Id.* Plaintiff alleges that seven "Doe" defendants were responsible for his injuries. He claims six of the "Doe" defendants, all of whom were correctional officers, authorized or effected his move to gym housing. *Id.* at 6. He provides no further details or context. Plaintiff is silent as to whether these six defendants had knowledge of Dr. Aung's order or whether they were aware of the risk presented by the uneven terrain. The seventh "Doe" defendant is the facility warden, who plaintiff alleges was ultimately responsible for all "custody/treatment" decisions. *Id.*

The foregoing allegations are too conclusory to state a cognizable Eighth Amendment deliberate indifference claim. Deliberate indifference is a subjective standard, it depends on a defendant's awareness of a risk to the plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "To establish a prison official's deliberate indifference, an inmate must show that the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk." *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009). Plaintiff's allegations, taken as true, do not establish that any defendants were aware of a risk to his safety. Plaintiff is also advised that supervisory defendants, like the warden, cannot be held liable based solely on his or her position. Instead, plaintiff must allege that the supervisory defendant participated in, directed, or knew of and failed to prevent a violation of his rights. *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

I will give plaintiff leave to amend his complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert

each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.  If plaintiff chooses to stand on his current complaint, I will recommend that it be dismissed for failure to state a claim.

Accordingly, it is ORDERED that:

1. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.
2. Failure to comply with this order may result in the dismissal of this action.
3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   February 23, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE